AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1

# United States District Court

### EASTERN DISTRICT OF TEXAS
### Sherman

```
                                    FILED
                              U.S. DISTRICT COURT
                          EASTERN DISTRICT OF TEXAS

                              JUN  1  2006

                          DAVID J. MALAND, CLERK
                          BY
```

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| RICHARD ALLEN MCFADDEN | |

Case Number:    4:05CR00078-001

USM Number:    12153-078

R. J. Hagood, Jr.
_____
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 of the Indictment.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1708 | Possession of Stolen Mail | 09/24/2003 | 1 |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)    remaining    ☑ is   ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/31/2006
_____
Date of Imposition of Judgment

_____
Signature of Judge

RICHARD A. SCHELL

UNITED STATES DISTRICT JUDGE
_____
Name and Title of Judge

6-1-06
_____
Date

AO 245B      (Rev. 06/05) Judgment in Criminal Case
             Sheet 2 — Imprisonment

Judgment — Page   2   of   9

DEFENDANT:  RICHARD ALLEN MCFADDEN
CASE NUMBER:  4:05CR00078-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of: 35 months.

This term of imprisonment has been reduced by 6 months from 41 months pursuant to USSG 5K2.23 for the six months
already served by the defendant as a result of the following state cases which arose from the instant offense:  Case Number
F-2004-0520-A and Case Number F-2004-0521-A, 16th Judicial District Court, Denton County, Texas.  (Continued on next
page).

☑  The court makes the following recommendations to the Bureau of Prisons:

The court recommends that defendant be evaluated for substance abuse and provided treatment.

The court recommends that defendant be designated to a facility near Dallas, Texas, if eligible.

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____   to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 06/05) Judgment in a Criminal Case

Judgment—Page   3   of   9

DEFENDANT: RICHARD ALLEN MCFADDEN
CASE NUMBER: 4:05CR00078-001

## Continuation page

This sentence was reduced 6 months from the high-end guideline range, but did not amount to a depature from the guideline range.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page 4 of 9

DEFENDANT: RICHARD ALLEN MCFADDEN
CASE NUMBER: 4:05CR00078-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **3 years.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B      (Rev. 06/05) Judgment in a Criminal Case
             Sheet 3A — Supervised Release

Judgment—Page __5__ of __9__

DEFENDANT:  RICHARD ALLEN MCFADDEN
CASE NUMBER:  4:05CR00078-001

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his effort to obtain and maintain lawful employment.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the court has been paid in full.

The defendant shall not hold a fiduciary position in any future employment or any position in which he has access to credit cards or other financial means.   Further, defendant is required to notify his employer of the facts surrounding this conviction.

While on supervised release, the defendant shall be prohibited from gambling in any form, unless restitution is paid in full.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page | 6 | of | 9 |

DEFENDANT:  RICHARD ALLEN MCFADDEN
CASE NUMBER:  4:05CR00078-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 7,960.27 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| LOWE'S | $485.66 | $485.66 | 0% |
| J. P. MORGAN CHASE | $473.86 | $473.86 | 0% |
| MERVYN'S | $347.61 | $347.61 | 0% |
| HOUSEHOLD BANK | $217.26 | $217.26 | 0% |
| F&M STATE BANK (FIRST UNITED BANK & TRUST | $1,600.00 | $1,600.00 | 0% |
| MARK'S BEER BARN | $590.00 | $590.00 | 0% |
| WOODFOREST BANK | $1,900.00 | $1,900.00 | 0% |
| MR. PAYROLL | $171.48 | $171.48 | 0% |
| UNIVERSITY COMPUTERS | $2,174.40 | $2,174.40 | 0% |

**TOTALS** $ _____7,960.27_____    $ _____7,960.27_____

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑  the interest requirement is waived for the    ☐ fine  ☑ restitution.

☐  the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

DEFENDANT:  RICHARD ALLEN MCFADDEN
CASE NUMBER:  4:05CR00078-001

Judgment — Page   7   of   9

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☑ Lump sum payment of $ ___100.00___ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**  ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑ Special instructions regarding the payment of criminal monetary penalties:

     Restitution amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. Section 3572(3)(3). Additionally, at least 50% of receipts received from income tax returns, inheritances, non-recurring bonuses, and lawsuit awards must be paid toward the unpaid fine balance within 15 days of receipt.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to:
the U.S. District Court, Fine & Restitution Section, P.O. Box 570, Tyler, TX  75710.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

     Defendant is jointly and severally liable with the following co-defendants for the total restitution amount of $7,960.27 to payees set forth in the criminal monetary penalties section of this judgment: Bryan Stringer, docket number 4:05cr90; and Glynis Ann Smith, docket number 4:05cr91.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 6A — Schedule of Payments

DEFENDANT:  RICHARD ALLEN MCFADDEN
CASE NUMBER:  4:05CR00078-001

Judgment—Page  8  of  9

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, If appropriate |
|---|---|---|---|
| Defendant RICHARD ALLEN MCFADDEN 4:05CR00078-001 | $7,960.27 | $2,174.40 | UNIVERSITY COMPUTERS |
| Defendant RICHARD ALLEN MCFADDEN 4:05CR00078-001 | $7,960.27 | $1,900.00 | WOODFOREST BANK |
| Defendant RICHARD ALLEN MCFADDEN 4:05CR00078-001 | $7,960.27 | $1,600.00 | F&M STATE BANK (FIRST UNITED BANK & TRUST) |
| Defendant RICHARD ALLEN MCFADDEN 4:05CR00078-001 | $7,960.27 | $590.00 | MARK'S BEER BARN |
| Defendant RICHARD ALLEN MCFADDEN 4:05CR00078-001 | $7,960.27 | $485.66 | LOWE'S |
| Defendant RICHARD ALLEN MCFADDEN 4:05CR00078-001 | $7,960.27 | $473.86 | J. P. MORGAN CHASE |
| Defendant RICHARD ALLEN MCFADDEN 4:05CR00078-001 | $7,960.27 | $347.61 | MERVYN'S |
| Defendant RICHARD ALLEN MCFADDEN 4:05CR00078-001 | $7,960.27 | $217.26 | HOUSEHOLD BANK |
| Defendant RICHARD ALLEN MCFADDEN 4:05CR00078-001 | $7,960.27 | $171.48 | MR. PAYROLL |
| Co-Defendant BRYAN LEE STRINGER 4:05CR00090-001 | $4,821.67 | $1,900.00 | WOODFOREST BANK |
| Co-Defendant BRYAN LEE STRINGER 4:05CR00090-001 | $4,821.67 | $1,600.00 | F&M STATE BANK (FIRST UNITED BANK & TRUST) |
| Co-Defendant BRYAN LEE STRINGER 4:05CR00090-001 | $4,821.67 | $974.06 | UNIVERSITY COMPUTERS |
| Co-Defendant BRYAN LEE STRINGER 4:05CR00090-001 | $4,821.67 | $347.61 | MERVYN'S |

AO 245B      (Rev. 06/05) Judgment in a Criminal Case
             Sheet 6A — Schedule of Payments

DEFENDANT:  RICHARD ALLEN MCFADDEN                                    Judgment—Page  9  of  9
CASE NUMBER:  4:05CR00078-001

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, If appropriate |
|---|---|---|---|
| Co-Defendant GLYNIS ANN SMITH 4:05CR00091-001 | $7,960.27 | $2,174.40 | UNIVERSITY COMPUTERS |
| Co-Defendant GLYNIS ANN SMITH 4:05CR00091-001 | $7,960.27 | $1,900.00 | WOODFOREST BANK |
| Co-Defendant GLYNIS ANN SMITH 4:05CR00091-001 | $7,960.27 | $1,600.00 | F&M STATE BANK (FIRST UNITED BANK & TRUST) |
| Co-Defendant GLYNIS ANN SMITH 4:05CR00091-001 | $7,960.27 | $590.00 | MARK'S BEER BARN |
| Co-Defendant GLYNIS ANN SMITH 4:05CR00091-001 | $7,960.27 | $485.66 | LOWE'S |
| Co-Defendant GLYNIS ANN SMITH 4:05CR00091-001 | $7,960.27 | $473.86 | J. P. MORGAN CHASE |
| Co-Defendant GLYNIS ANN SMITH 4:05CR00091-001 | $7,960.27 | $347.61 | MERVYN'S |
| Co-Defendant GLYNIS ANN SMITH 4:05CR00091-001 | $7,960.27 | $217.26 | HOUSEHOLD BANK |
| Co-Defendant GLYNIS ANN SMITH 4:05CR00091-001 | $7,960.27 | $171.48 | MR. PAYROLL |